**WO**                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leoncio Alfredo Sharpe, | No. CV 05-2350-PHX-JAT (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Detention Officer #1859, et al., | |
| Defendants. | |

On August 5, 2005, Plaintiff Leoncio Alfredo Sharpe, presently confined in the Reeves County Detention Center in Pecos, Texas,[1] filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").

**Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.

Plaintiff will not be assessed an initial partial filing fee. However, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect

---

[1] Plaintiff was incarcerated in the Maricopa County Fourth Avenue Jail at the time he filed the Complaint.

TERMPSREF

1  these monthly payments, which will be forwarded to the Clerk of Court each time the amount

2  in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28

3  U.S.C. § 1915(b)(2).

4         Plaintiff should take notice that if he is released before the filing fee is paid in full, he

5  must pay the remaining unpaid amount of the filing fee within one hundred twenty (120)

6  days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within

7  one hundred twenty (120) days of the date of his release, the action will be dismissed, unless

8  Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing

9  fee.

10  **Statutory Screening and Complaint**

11         The Court is required to screen complaints brought by prisoners seeking relief against

12  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

13  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

15  may be granted, or that seek monetary relief from a defendant who is immune from such

16  relief.  28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion

17  thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. §

18  1997e(a).

19  **Complaint**

20         Named as Defendants to the Complaint are: 1) Detention Officer #1859, Maricopa

21  County Lower Buckeye Jail; and 2) Maricopa County Sheriff's Department.

22         Plaintiff alleges two grounds for relief in the Complaint: 1) Defendant Detention

23  Officer #1859 placed Plaintiff in a cell with other inmates and stated Plaintiff was a snitch

24  and sex offender, and Plaintiff's grievances on the issue were not answered; and 2) Plaintiff

25  received legal mail that was already open and Maricopa County Jail staff failed to respond

26  to his grievances on the issue or to tell him the name of the officer who opened the letter.

27         Plaintiff seeks money damages.

28  **Claim to which an Answer will be Required**

In Count I, Plaintiff alleges that after a verbal altercation, Defendant Detention Officer #1859 placed Plaintiff in a holding cell with other inmates and stated that Plaintiff was a snitch and a sex offender.  Plaintiff further alleges that this incident threatened his safety in violation of the Fourteenth Amendment.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray, 682, F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Allegations that prison officials called a prisoner a "snitch" in the presence of other inmates are sufficient to state a claim of deliberate indifference to an inmate's safety.  See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 18989).  Accordingly, the Court will require Defendant Detention Officer #1859 to answer this claim.

**Improper Defendant**

The Maricopa County Sheriff's Department is not a proper Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.  See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office or department is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.  Therefore, Defendant Maricopa County Sheriff's Department will be dismissed.

**Failure to State a Claim**

**Grievances**

In both Counts I and II, Plaintiff alleges that his Fourteenth Amendment due process rights were violated when Maricopa County Jail staff failed to respond to his grievances.

"There is no legitimate claim of entitlement to a [prison] grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988).  Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim.  Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986) (if state elects to provide grievance mechanism, violations

1  thereof will not deprive inmates of constitutional rights); <u>Azeez v. DeRobertis</u>, 568 F.Supp.

2  8, 10 (N.D.Ill. 1982) (a grievance procedure is procedural right only and does not confer any

3  substantive right upon inmates and, therefore, does not give rise to protected liberty interest);

4  <u>See also</u> <u>Williams v. Meese</u>, 926 F.2d. 994, 998 (10th Cir. 1991) (claim that grievance

5  procedure was inadequate dismissed as conclusory).  Accordingly, failure to respond to

6  Plaintiff's grievances does not state a claim for § 1983 purposes and these claims will be

7  dismissed.

8  **Legal Mail**

9  In Count II, Plaintiff alleges that on June 11, 2005, he received legal mail which had

10  been opened outside of his presence.

11  Prisoners have a constitutional right to have their legal mail delivered to them

12  uncensored and unread.  <u>Lemon v. Dugger</u>, 931 F.2d 1465 (11th Cir. 1991). However, a

13  single instance of inadvertent opening of legal mail outside an inmate's presence, while not

14  to be condoned, is not actionable as a constitutional violation. <u>Stevenson v. Koskey</u>, 877

15  F.2d 1435, 1441 (9th Cir. 1989);  <u>Bieregu v. Reno</u>, 59 F.3d 1445, 1451-52 (3d Cir. 1995);

16  <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990) (an isolated incident of opening

17  prisoner's constitutionally protected legal mail, without any evidence of improper motive or

18  resulting interference with the prisoner's right to counsel or to access to the courts, does not

19  give rise to a constitutional violation).  Accordingly, Count II will be dismissed.

20  **Motion**

21  On September 12, 2005, Plaintiff filed a Motion for Change of Venue (Doc. #3).

22  Plaintiff appears to be requesting a change of venue because he has been transferred from the

23  Maricopa County Jail to the Arizona Department of Corrections.   The Court notes first that

24  Plaintiff's transfer from county to state custody does not warrant a change of venue.  Second,

25  Plaintiff has not suggested where this case should be transferred to.  Accordingly, Plaintiff's

26  Motion will be denied.

27  **Rule 41 Cautionary Notice**

28  Plaintiff should take notice that if he fails to timely comply with every provision of

this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED** as follows:

(1) Plaintiff's Application to Proceed In Forma Pauperis, filed with the Complaint, is GRANTED;

(2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action. Plaintiff will not be assessed an initial partial filing fee. However, Plaintiff will be OBLIGATED for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). All fees shall be collected and paid in accordance with this Court's Order to the Director of the Arizona Department of Corrections filed concurrently herewith;

(3) Defendant Maricopa County Sheriff's Department is DISMISSED from this action;

(4) The portion of Count I relating to grievance issues, and Count II are DISMISSED for failure to state a claim;

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Detention Officer #1859;

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within twenty (20) days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within one hundred twenty (120) days of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever is later, the action may be dismissed as to the Defendant not served pursuant to Rule 4(m)

1 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

2 (8) The United States Marshal shall retain the Summons, a copy of the Complaint, and

3 a copy of this Order for future use;

4 (9)  The United States Marshal shall notify  Defendant Detention Officer #1859 of the

5 commencement of this action and request waiver of service of the summons pursuant to Rule

6 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy

7 of this Order.  The Marshal shall file waivers of service of the summons or requests for

8 waivers that were returned as undeliverable as soon as they are received.  If a waiver of

9 service of summons is not returned by Defendant within thirty (30) days from the date the

10 request for waiver was sent by the Marshal, the Marshal shall:

11 (a)  Personally serve copies of the Summons, Complaint, and this Order upon the

12 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

13 (b)   Within ten (10) days after personal service is effected, file the return of

14 service for the Defendant, along with evidence of the attempt to secure a waiver of

15 service of the summons and of the costs subsequently incurred in effecting service

16 upon the Defendant.  The costs of service shall be enumerated on the return of service

17 form (USM-285) and shall include the costs incurred by the Marshal for photocopying

18 additional copies of the Summons, Complaint, or this Order and for preparing new

19 process receipt and return forms (USM-285), if required.  Costs of service will be

20 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

21 Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

22 (10) **If Defendant agrees to waive service of the Summons and Complaint,**

23 **Defendant shall return the signed waiver forms to the United States Marshal, not the**

24 **Plaintiff;**

25 (11)  Defendant Detention Officer #1859 shall answer the threat to safety claim in

26 Count I of the Complaint, or otherwise respond by appropriate motion, within the time

27 provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

28 (12) Plaintiff shall serve upon Defendant, or if appearance has been entered by

**TERMPSREF**

counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(14) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff; and

(15)  This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings; and

(16) Plaintiff's September 12, 2005 Motion for Change of Venue (Doc. #3) is DENIED.

DATED this 29th day of November, 2005.

James A. Teilborg
United States District Judge